UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BRYAN K. HAMPTON** | **CIVIL ACTION NO. 3:14-cv-0535** |
| **LA. DOC #347171** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **MADISON CORRECTIONS** | |
| **CENTER, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Bryan K. Hampton, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 11, 2014. Plaintiff, an inmate in the custody of Louisiana's Department of Corrections, is incarcerated at the Madison Parish Corrections Center (MPCC) and he complains that he was denied prompt and adequate medical care for an injury he received on March 9, 2013. Plaintiff sued Madison Parish Sheriff Larry Cox, Lt. Wells, Unknown Nurses, Antonio Johnson, Sgt. O'Neal, Capt. Fletcher, Lt. Bass, Warden Deville, and the MPCC. He prayed only for his immediate transfer away from MPCC.

On April 24, 2014, an initial review was completed and plaintiff was directed to amend his complaint to provide a more definite statement of his claims. [Doc. 8][1] His May 30, 2014, motion for an extension of time to respond to the amend order [Doc. 9] was granted on June 9. [Doc. 11] He also requested appointment of counsel. [Doc. 10] On June 17, 2014, plaintiff's

---

[1] Among other things, plaintiff was instructed to provide: (1) the name of each person who allegedly violated his constitutional rights; (2) a description of what actually occurred or what each defendant did to violate his rights; (3) the place and date that each event occurred; and (4) a description of the alleged injury sustained as a result of the alleged violation. The order also contained the following directive: "He should amend to provide a more detailed description of his injuries and the harm sustained and should demonstrate deliberate indifference on the part of each defendant." [Doc. 8]

motion for appointment of counsel was denied and plaintiff was given an additional period of 30 days within which to comply with the original order to amend. [Doc. 12] On July 9, 2014, plaintiff filed yet another motion for appointment of counsel, however, he did not amend his complaint as ordered. [Doc. 13]

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). The undersigned evaluated the original complaint pursuant to 28 U.S.C. §§1915 and 1915A and directed petitioner to amend and provide the information needed to further evaluate plaintiff's claims. Plaintiff has disregarded that order and his failure to respond warrants dismissal of the complaint.[2] Instead, he has continued to seek

---

[2] It does not appear that dismissal at this time will result in the complete forfeiture of plaintiff's claims should he desire at some later date to pursue them. Nevertheless, even if the statute of limitations might bar petitioner from re-filing the instant suit, then dismissal at this juncture would still be appropriate even if it ultimately "deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice for failure to prosecute or to comply with a court rule or order is warranted where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted). In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Id*.

appointment of counsel even though his previous request was denied.  Therefore,

For the reasons stated in the Order of June 17, 2014 [Doc. 13], plaintiff's second motion for appointment of counsel is **DENIED**, and,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[3]  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**

---

The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case.  As previously noted, plaintiff has submitted an inadequate pleading; he was instructed to amend to provide factual support for his conclusory claims; however, he has failed to do so within the time limitation provided. Further, his requests for an extension of the time needed to amend was granted yet he still has not complied with the amend order. As noted above, the order did not seek a legal brief on plaintiff's part; indeed, the amend order directed him to provide only **FACTS** and still plaintiff has refused to comply.

[3] In the event that plaintiff objects to this Report and Recommendation, he should amend his complaint and provide the **FACTUAL** information that he was ordered to provide in the Amend Order of April 24, 2014. [See Doc. 8; see also footnote 1, supra]

*See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, July 30, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**